SOPHIA PORTER, Appellant, v. GRACE HEISHMAN, Appellee.

EXECUTION: Equitable Action to Enforce Judgment—Reversal in Main Action—Effect. The reversal and setting aside of a judgment on appeal necessarily sets aside and annuls an equitable

proceeding, under Sec. 4087, Code, 1897, to enforce such judgment. But the failure of such equitable proceeding will not act as a bar to a renewal of such proceeding in case a new judgment is eventually obtained, such being the order of the court.

*Appeal from Grinnell Superior Court.—*HON. P. G. NORRIS, Judge.

SATURDAY, NOVEMBER 27, 1915.

THIS is an equitable proceeding in aid of an execution and to set aside an alleged fraudulent conveyance of real estate and to establish the plaintiff's judgment as a lien superior to the conveyance. There was a decree below, dismissing the petition. The plaintiff has appealed.—*Modified* and *Affirmed.*

*Bray, Shifflett & Wilkie,* for appellant.

*J. H. Patton* and *Boyd & Boyd,* for appellee.

EVANS, J.—The plaintiff brought her action as a judgment creditor of the defendant, Grace Heishman. The trial court dismissed her petition upon the merits.

EXECUTION: equitable action to enforce judgment: reversal in main action: effect.

The judgment debtor appealed from the judgment which is the basis of this equitable proceeding, and has obtained a reversal thereof in this court. *Porter v. Heishman,* 154 N.W. 503.*

Both appeals were submitted in this court at the same time. The reversal of the judgment in the main case leaves no judgment as a basis for the equitable proceeding (Code Sec. 4087), and the proceeding must therefore fail in any event. We will not, therefore, inquire into the original merit of the proceeding as it was when plaintiff's judgment was in force. We think, however, that, under the circumstances here appearing, the judgment of dismissal should be in abatement only, and not in bar to a future proceeding, if a judgment in the main case shall be hereinafter obtained. To this extent, the judgment of dismissal entered below will be modi-

* Pending on rehearing, and not yet officially reported.

fied, without inquiring into the merits of the case as made in the lower court. It is therefore ordered that the plaintiff's petition be dismissed, and her action abated for want of judgment in the main case, and that the judgment below be modified and affirmed accordingly at the cost of the appellant. —*Modified* and *Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.